# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| | ) | 1:21-mj-206 |
| Eric Brown | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 4, 2021__ in the county of __Marion__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Controlled Substances (fentanyl) |
| 18 U.S.C. §§ 924(c)(1)(A) and 922(g)(1) | Carrying a Handgun During and in Relation to a Drug Trafficking Crime |
| | Possession of a Firearm by a Felon |

This criminal complaint is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

/s/ David Banas
*Complainant's signature*

David Banas, SA/DEA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __telephone__ *(reliable electronic means)*

Date: March 9, 2021

City and state: Indianapolis, Indiana

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

I, DEA Special Agent David Banas, being duly sworn under oath, state as follows:

**Affiant Background and Purpose of Affidavit**

1. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice. I am an investigative or law enforcement officer within the meaning of Section 2501(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been employed by the Drug Enforcement Administration (DEA) since 2019. I am currently assigned to the DEA Indianapolis District Office Group 52, Indianapolis, Indiana, and have been so assigned since August 2019. In connection with my official DEA duties, I investigate criminal violations of the federal narcotics laws, including, but not limited to, Title 21, United States Code, Sections 841, 843, 846, and 848. I have received special training in the enforcement of laws concerning controlled substances as found in Title 21 of the United States Code. I have testified in judicial proceedings and prosecutions for violations of controlled substance laws. I also have been involved in various types of electronic surveillance and in the debriefing of defendants, witnesses, informants, and others who have knowledge of the distribution and transportation of controlled substances and of the laundering and concealing of proceeds from drug trafficking in violation of Title 18, United States Code, Section 1956.

3. I have received training in investigations involving individuals transporting and distributing cocaine, methamphetamine, marijuana, and heroin. I am familiar with the ways in which drug traffickers conduct their business, including, but not limited to, their methods of importing and distributing controlled substances, their use of telephones and digital display paging devices, and their use of numerical codes and code words to conduct their transactions. I am

familiar with and have participated in all of the normal methods of investigation, including, but not limited to, visual surveillance, the general questioning of witnesses, the use of informants, the use of pen registers, the execution of search warrants, and undercover operations.

4. The statements contained in this Affidavit are based in part on my direct involvement in this investigation; on my experience and background as a Special Agent with the DEA; on information provided by and conversations held with other law enforcement officers, including Special Agents/Task Force Officers of the DEA, officers of the Indianapolis Metropolitan Police Department (IMPD), and others described below; and on a review of reports and database records. I have not included each and every fact that has been revealed through the course of this investigation. I have set forth only the facts that sufficient to establish probable cause for the issuance of the Complaint.

5. This affidavit is submitted in support of a criminal complaint charging Eric Brown (date of birth xx/xx/1999, "BROWN") with Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), Carrying a Handgun During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A), and Unlawful Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Section 922(g)(1).

### Facts and Circumstances

6. On March 4, 2021, at approximately 11:30 p.m., Detective Nate Raney of the Indiana State Police observed a grey 2019 Chevrolet Suburban, bearing Louisiana license plate N530659, commit a traffic violation (unsafe lane change; fail to signal turn) near the intersection of West 30th Street and North Talbott Street, Indianapolis, Indiana. According to the Louisiana Bureau of Motor Vehicles, the grey 2019 Chevrolet Suburban is registered to Hertz Rental at 4531 Veterans

Memorial Blvd, Metairie, Louisiana.  Shortly thereafter, Detective Raney conducted a vehicle stop on the grey Chevrolet Suburban at 220 WEST 30th Street, Indianapolis, Indiana.

7. After approaching the grey Chevrolet Suburban and speaking with the driver, later identified as Jason Miles, Detective Raney observed a green leaf like substance on the center console and a firearm on the floorboard next to the rear right passenger compartment of the vehicle. Detective Sam Cook of the Indiana State Police stated he could see green marijuana shake all over the lap of the rear right passenger and could smell the odor of raw marijuana coming from the vehicle.  Shortly thereafter, Detective Raney and Detective Sam Cook ordered the occupants out of the vehicle and detained them for officer safety.  The other two occupants in the vehicle were identified as Tamara Fitzgerald, front passenger, and Eric BROWN, rear right passenger. Your affiant then arrived on scene.  Following the occupants' detention, all three were advised of their *Miranda* Rights by your Affiant.

8. Upon searching BROWN, Detective Raney located a clear plastic baggie containing 52.4 grams (to include packaging) of an off-white rock like substance in BROWN's right front jacket pocket.  The off-white rock like substance field tested positive for fentanyl. Detective Raney located five pink pills marked with "K56" in a black satchel that was strapped across BROWN's chest.  A records check indicated that the pink pill marked with K56 is Oxycodone.  Additionally, Detective Raney located  $7,890 in U.S. Currency, in multiple jacket and pants pockets on BROWN's person.  When initially questioned about the narcotics and money, BROWN stated that he was "high as f___" and that he acquired the money through "street" gambling.

9. While searching Miles, Detective Raney located $20,810 in U.S. Currency in multiple jacket and pants pockets, which was organized and packaged in $1,000.00 increments and each such increment bound by a small black rubber band. Additionally, Detective Raney and your Affiant located a blue/black iPhone Pro and a red iPhone in an Otterbox case on Miles' person. When initially questioned about the undetermined amount of U.S. currency found on his person, Miles stated that he was out shopping and directed Agents and Detectives to the bags of Louis Vuitton apparel in the far rear compartment of the grey Chevrolet Suburban. Miles stated that he had come about the undetermined amount of U.S. Currency through saving it.

10. Upon searching the grey Chevrolet Suburban, Detective Raney and your Affiant located 49.4 grams of a green leaf like substance (suspected marijuana) in Fitzgerald's purse, and a Smith & Wesson, Shield, .40 caliber semiautomatic handgun bearing SN: FCM9776, next to the right rear passenger compartment of the vehicle where BROWN was seated during the stop. After locating the handgun, your Affiant and Detective Raney called for an IMPD Gun Liaison Officer to process the firearm. Officer Frank Gunn of the IMPD arrived as the Gun Liaison Officer and processed and took pictures of the firearm. Additionally, Detective Raney located three cellphones in the vehicle: a white iPhone, a blue Motorola, and a red iPhone with flowered case.

11. The Smith & Wesson, Shield, .40 cal. semiautomatic handgun, bearing SN: FCM9776, was not manufactured in the state of Indiana and travelled through interstate commerce.

12. A criminal history check for BROWN indicated that BROWN had previous felony convictions for Possession of a Narcotic Drug, in Marion County, Indiana, under Cause Number 49G20-1705-F4-017995, on or about May 10, 2018, and Dealing a Narcotic Drug, in Marion County, Indiana, under Cause Number 49G20-1811-F2-040622, on or about May 14, 2019.

Additionally, BROWN had active warrants in Marion County for violations of community corrections placement. According to online court records, that warrant had been active since November 5, 2020.

13. Your Affiant and Detective Cook later conducted an interview with Tamara Fitzgerald. After being advised of her *Miranda* Rights, Fitzgerald agreed to cooperate with investigators. When questioned in regards to the narcotics, firearm, and undetermined amount of U.S. Currency, Fitzgerald stated that she did not know anything about the items in question. Fitzgerald stated that she had only known Miles for a little while and that she just met BROWN this evening. Shortly thereafter, your Affiant and Detective Cook concluded the interview.

14. On March 5, 2021, at approximately 12:00 a.m., your Affiant as and Detective Cook conducted an interview with Jason Miles. After being advised of his *Miranda* Rights, Miles agreed to cooperate with investigators and answer some questions. When questioned in regards to the narcotics and firearm found in the vehicle, Miles stated he did not know they were present in the vehicle or on BROWN's person. When questioned in regards to the U.S. Currency found on his person, Miles stated that he acquired the money through saving over several months and that it was roughly in the amount of $18,000.00. Miles stated that he was saving the money to purchase a vehicle and the money came from his bank account. When questioned about the packaging of the U.S. Currency, Miles stated it was just a "trend" from seeing on TV.

15. After speaking with Miles, your Affiant and Detective Cook conducted an interview with BROWN. After being advised of his *Miranda* Rights, BROWN agreed to answer questions, but did not want to discuss matters pertaining to the firearm or narcotics. When questioned in regards to the U.S. Currency found on his person, BROWN stated that he earned the money

through "street" gambling.  BROWN further stated that he did not have any records of earning the money from gambling.

16.  At approximately 12:30 a.m., Miles and Fitzgerald were released from detention with the grey Chevrolet Suburban. At around the same time, BROWN was transported by the Indiana State Police to the Marion County Jail.

17.  At approximately 1:15 a.m., IMPD Detective Miguel Roa and his K-9 partner conducted an open air sniff on the undetermined amount of U.S. Currency seized from BROWN and on the undetermined amount of U.S. Currency seized from Miles at the DEA Indianapolis District Office.  Detective Roa's K-9 partner alerted to the odor of narcotics emanating from the undetermined amount of U.S. Currency seized from BROWN and on the undetermined amount of U.S. Currency seized from Miles.

**Conclusion & Request**

18. Based upon my training and experience and the facts set forth herein, I respectfully submit that there is probable cause to believe that, March 4, 2021, in Indianapolis, Indiana, Eric BROWN committed the offenses of Possession with Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), Carrying a Handgun During and in Relation to a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A), and Unlawful Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Section 922(g)(1). Accordingly, I request the Court issue a criminal complaint charging Eric BROWN with these offenses and issue a warrant for his arrest.

                                              s/ David Banas
                                              David Banas, Special Agent
                                              Drug Enforcement Administration

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1, by telephone.

Dated: March 9, 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana